

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Pat Beene
County Attorney
Andrews, Texas

Dear Sir:

Opinion No. 0-6146
Re: Whether the Commissioners
Court of Andrews County
has the legal authority
to spend county funds on
street improvements of an
incorpoarated town under
the facts stated.

Your letter of recent date requesting the opinion of this department on the questions stated therein, is, in part, as follows :

". . .I present a question, which has reference to the right of the Commissioners' Court to spend money on the streets of an incorporated town, such expenditures to be in the form of paving several blocks of a street which is not an integral part of a road system or highway system, and without the help of, but with the approval of the city counsel, and such city has a population of 800 to 1200, it has grown some lately, and it is impossible to make an accurate estimate.

"They also desire to pave all of the streets around the Courthouse (more than their one-half of such street).

"I am of the opinion that they are without authority to spend county funds for such improvements. I quote 40 S. W. (2d) page 43, City of Breckenridge V. Stephens. They do not say so in so many words, but leave the impression that unless such street forms part of the road system of the county then they are without authority. The case of Gabbert vs. City of Brownwood found in 176 S.W. (2d) p. 347, also says as much.

It is stated in our opinion No. 0-1190:

"As a general proposition of law, it is settled that the control and jurisdiction over streets of a municipal corporation is exclusive in said corporation. However, the courts have construed to the counties the right to expend funds in the improvement of streets within the corporate limits of the city when said streets were also a public road, particularly when done with the consent of the city. See Hughes vs. County Commissioners Court of Harris County, 35 S. W. (2d) 818. This same conclusion was reached by the Supreme Court in the case of the City of Breckenridge vs. Stephens County, 40 S. W. (2d) 43, wherein the court said:

'The Commissioners Court may expend County road bond funds for improvement of city streets forming part of county roads where made with city's consent.'

"The general underlying theory being that such improvement must be confined to streets forming part of a county road system and also that the county must have the consent of a municipal corporation within which said streets may be located. The Supreme Court in the Breckenridge case, above cited, distinguished between streets forming a part of a county road system and streets generally within the city. In that case the Court held that the Commissioners Court could bind itself to expend county road bond funds to aid the City of Breckenridge in improving 'streets forming part of county roads', and in the case held that the county could not bind itself to aid the City of Breckenridge in improving streets. It is obvious that they intended to draw a distinction between streets, speaking generally of the arteries of traffic within a municipality, and such streets as form a continuation of the county road, but in any event a street which had been designated by the county as a part of its system. . ."

In this State, it is well settled, as a general proposition of law, that the Commissioners Court is a court of limited power and jurisdiction, and has no powers or duties except those which are clearly set forth and defined in the Constitution and statutes, and those powers that arise by necessary implication. The authorities supporting

this general statement are so numerous, we do not deem it necessary to cite any of them.

In view of the foregoing authorities, you are respectfully advised that it is our opinion that the Commissioners Court has no legal authority to expend county funds to pave the streets of the town or city inquired about where such streets do not constitute a part of the county road system.

Article 1082, Vernon's Annotated Civil Statutes, provides in part:

"The City Council shall be invested with full power and authority to grade, gravel, repair, pave or otherwise improve any avenue, street or alley, or any portion thereof, within the limits of said city, whenever, by a vote of two-thirds of the aldermen present, they may deem such improvements for the public interest; provided, the city council pay one-third and the owners of the property two-thirds thereof, except at the intersection of street, from lot to lot, across the street either way shall be paid for by the city alone......"

With reference to your question regarding the paving of all the streets around the courthouse and the payment for such improvement, you are advised that it is our opinion that in virtue of Article 1082, the County being the owner of the courthouse property, would, under this Article, have authority to defray its proportionate part of cost of street improvements. It is our further opinion that the Commissioners Court has the legal authority to pave and pay for any portion of the streets around the courthouse where such streets constitute a part of the county road system, whether such streets are a part of the courthouse property or are owned by others than the County.

Yours very truly

AW:rt:wc

ATTORNEY GENERAL OF TEXAS

APPROVED NOV. 13, 1944.
 s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

By s/ Ardell Williams
        Ardell Williams
                Assistant

Approved Opinion Committee
by  s/BWB Chairman